Hab1tayc

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          17 Cr. 390 (ALC)

5   DAVID TAYLOR, VITO GALLICCHIO,
    DANIEL GARCIA, NICHOLAS
6   AVICOLLI,

7              Defendants.                 Conference

8   ------------------------------x

9                                          New York, N.Y.
                                           October 11, 2017
10                                         10:11 a.m.

11
    Before:
12
                    HON. ANDREW L. CARTER, JR.,
13
                                           District Judge
14

15                       APPEARANCES

16  JOON H. KIM
         Acting United States Attorney for the
17       Southern District of New York
    BY:  KIERSTEN A. FLETCHER
18       Assistant United States Attorney

19  CHARLES F. CARNESI, ESQ.
         Attorney for Defendant David Taylor
20
    IRVING COHEN, ESQ.
21       Attorney for Defendant Vito Gallicchio

22  DONALDSON, CHILLIEST & McDANIEL, LLP
         Attorneys for Defendant Daniel Garcia
23  BY:  XAVIER R. DONALDSON, ESQ.

24  LEVITT & KAIZER
         Attorneys for Defendant Nicholas Avicolli
25  BY:  NICHOLAS G. KAIZER, ESQ.

Hab1tayc

1    (Case called)

2    THE DEPUTY CLERK:  Counsel, please state your

3  appearance.  For the government?

4    MS. FLETCHER:  Good morning, your Honor.  Kiersten

5  Fletcher for the government.

6    THE DEPUTY CLERK:  And for defendants?

7    MR. DONALDSON:  Xavier R. Donaldson for Mr. Garcia.

8  He's seated in the second row to the Court's left.

9    MR. KAIZER:  Since we're going in reverse order,

10  Nicholas Kaizer on behalf of Nicholas Avicolli, in the third

11  row.

12    MR. CARNESI:  Good morning, your Honor.  Charles

13  Carnesi appearing for Dr. David Taylor, who is seated in the

14  courtroom.

15    MR. COHEN:  And good morning, your Honor.  Irving

16  Cohen appearing for Vito Gallicchio, seated behind me.

17    THE COURT:  Okay.  Good morning.

18    What is the status of this matter?

19    MS. FLETCHER:  Your Honor, the government has

20  substantially completed its discovery production.  We made a

21  significant production on August 4th.  In early September,

22  the government obtained two additional search warrants for a

23  couple of electronic devices that were seized when the

24  defendants were arrested.  Those search warrants and the

25  accompanying affidavits were produced in early September, as

Hab1tayc

were copies of the data that we were able to extract from those

devices.  Two of them were locked iPhones that are currently

sitting in a lab trying to be cracked.  If they are

successfully imaged, we'll produce those devices as they become

available, but as of now, the government has no additional

discovery to produce.

THE COURT:  Okay.  How does defense counsel wish to

proceed?

MR. DONALDSON:  Your Honor, with the Court's

permission, I have spoken with defense counsel regarding the

discovery, and we need approximately four to six more weeks to

review the discovery and then to come back and provide the

Court -- or set a motion schedule.  That being said, with the

Court's permission, we'd like November 27th to come back at

10:00 a.m.

THE COURT:  Okay.  That's fine.

Let me just get a sense of where we are with some

issues that were brought up the last time.  There were some

issues brought up by counsel for Mr. Garcia regarding some

statements that were allegedly made by Mr. Garcia and whether

or not those statements were made after prompting by agents or

whether or not there was some discussion that was initiated by

Mr. Garcia, and counsel said that defense counsel and counsel

for the government were going to discuss that.  Has that

discussion happened, and where are we with that?

Hab1tayc

1          MS. FLETCHER:  Your Honor, in the government's

2     discovery production on August 4th, we produced a report from

3     the agent who was present, where he gave a recitation of the

4     questions that were asked and the answers that were provided by

5     Mr. Garcia.  So Mr. Donaldson has that.  The government does

6     not intend to use any of those statements at a trial in this

7     case.

8          THE COURT:  Okay.  Thank you.  Can I get a sense -- go

9     ahead, counsel.

10         MR. DONALDSON:  I just want to say, from an

11    evidentiary standpoint, the government does not intend to use

12    those statements at all or the government does not intend to

13    use the statements in its direct?  What does that mean exactly?

14         THE COURT:  I will ask the government.  My assumption

15    is that the government doesn't intend to use those statements

16    in its direct, but let me find out what the government's

17    position is.  Maybe the government doesn't plan to use them in

18    any event, but let me find out.

19         MS. FLETCHER:  Your Honor, the government doesn't plan

20    to use them in any event.

21         MR. DONALDSON:  Thank you.

22         THE COURT:  All right.  So just to try to avoid any

23    issues coming up later, when the government says you don't plan

24    to use those in any event, is the government saying that you

25    are not going to use those in any event?

1          MS. FLETCHER:  I am not going to use those, your

2    Honor.

3          THE COURT:  Okay.  I'll give defense counsel the

4    adjournment that they're requesting, but let me get a sense as

5    to what sort of motions the defense anticipates, if at all, if

6    any, at this time.

7          MR. DONALDSON:  Your Honor, speaking for Mr. Garcia,

8    we anticipate a suppression motion I believe involving

9    statements and possible other matters.  I think we can

10   anticipate that.

11         THE COURT:  And these would be statements other than

12   the ones we've just been talking about?

13         MR. DONALDSON:  Possibly.  I have to make sure.  I'm

14   not speaking definitively, but I believe there are suppression

15   issues that Mr. Garcia would be moving to suppress.

16         THE COURT:  All right.  Other defense counsel?

17         MR. KAIZER:  Don't hold us to it, Judge, but there's

18   affidavits in support of search warrants for my client's

19   pharmacy, and we're going through them now.  Both the issuance

20   and execution of the warrants we're going to look into, Judge.

21         THE COURT:  Okay.  Anyone else?

22         MR. CARNESI:  As to Dr. Taylor, your Honor, there were

23   also search warrants executed and statements that were taken,

24   and we're reviewing those.

25         MR. COHEN:  Likewise, your Honor.

6

1    THE COURT:  All right.  Okay.  I take it that

2 November 27th at 10:00 is a time that works for all counsel

3 and works for me as well?  I take it you've spoken to my deputy

4 about that date and time?

5    MR. DONALDSON:  Yes, I did, your Honor.

6    THE COURT:  Go ahead.

7    MS. FLETCHER:  Your Honor, just a point of

8 clarification so that we can be sure to be prepared for that

9 conference.  I understand your Honor doesn't expect motions to

10 be filed by that date, but will your Honor then expect defense

11 counsel to definitively state whether they have a motion and

12 provide a date by which time it will be filed?

13    THE COURT:  Yes.

14    MS. FLETCHER:  Okay.  Thank you.

15    THE COURT:  The plan is that on November 27th no

16 motions need to be filed by that date, but by November 27th

17 defense counsel should be in a position to let me know one way

18 or the other whether they plan to file motions, and if so, we

19 will set a motion schedule, and if no motions are going to be

20 filed, then we should start thinking about setting a trial

21 date.

22    MS. FLETCHER:  Okay.  Thank you, your Honor.

23    THE COURT:  Again, discovery is voluminous, and it may

24 be defense counsel may need still more time to review

25 discovery, but at that point we should be prepared to set a

Hab1tayc

1  trial date.  Based on the representations made by counsel,

2  again, you should be prepared to set a trial date if defense

3  counsel have decided they're not making any motions.  If

4  defense counsel are making motions, we'll set a motion schedule

5  then.  Based on representations made, I find it's in the

6  interests of justice and the interests of all the defendants to

7  exclude time under the Speedy Trial Act from today's date until

8  November 27th.  I further find that the interests of justice

9  and the interests of the defendants outweighs the public's

10  interest in a speedy trial, and I will enter an order to that

11  effect.

12          Is there anything else from the government?

13          MS. FLETCHER:  No.  Thank you, your Honor.

14          THE COURT:  Anything else from the defense?

15          ALL COUNSEL:  No, your Honor.  Thank you, Judge.

16          THE COURT:  Okay.  We're adjourned.

17                          o0o

18

19

20

21

22

23

24

25