I5NTAYC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4         v.               17 CR 390 (ALC)

5   DAVID TAYLOR,

6          Defendant.

7   ------------------------------x

8                         New York, N.Y.
                         May 23, 2018
9                         3:29 p.m.

10

11   Before:

12             HON. ANDREW L. CARTER, JR.,

                            District Judge
13

                 APPEARANCES
14

   GEOFFREY S. BERMAN,
15       United States Attorney for the
       Southern District of New York
16   NICOLAS LANDSMAN-ROOS
       Assistant United States Attorney
17

   CHARLES F. CARNESI
18       Attorney for Defendant Taylor

19   IRVING COHEN
       Attorney for Defendant Gallicchio
20

   XAVIER R. DONALDSON
21       Attorney for Defendant Garcia

22   WILLIAM J. STAMPUR
       Attorney for Defendant Montalbano
23

   GUY OKSENHENDLER
24       Attorney for Defendant Carim

25

I5NTAYC

1          (In open court)

2          (Case called)

3          MR. LANDSMAN-ROOS:  For the government, Nicolas

4  Landsman-Roos.

5          MR. DONALDSON:  Your Honor, for Mr. Garcia, Xavier R.

6  Donaldson, who is in the front row.  Raise your hand.

7          MR. CARNESI:  Good afternoon, your Honor.  Charles

8  Carnesi, appearing for Dr. Taylor, who's also in the gallery.

9          MR. STAMPUR:  William J. Stampur for Mr. Montalbano,

10  who is in the gallery.  Judge, I apologize I was late.  I

11  thought the case was on at 3:30.

12          MR. COHEN:  Good afternoon, your Honor.  Irving Cohen

13  appearing for Vito Gallicchio.

14          MR. OKSENHENDLER:  Good afternoon, your Honor.

15  Mr. Guy Oksenhendler for Mr. Carim, who is here in the first

16  row.

17          THE COURT:  Good afternoon.  What's the status of this

18  matter?

19          MR. LANDSMAN-ROOS:  Yes, your Honor.  We were here

20  previously.  Three defendants were added on a superseding

21  indictment.  We've produced discovery to them.  We anticipate

22  there may be some additional discovery, which is electronic

23  devices that were seized from Mr. Gallicchio, and a search

24  we're either producing or returning those devices to

25  Mr. Gallicchio, but I think that's discovery related

1    exclusively to him.

2           Unless any sort of subpoena returns that come back

3    that we haven't already received, that should be it for

4    discovery.  I don't believe the defense counsel, who at least

5    were on the superseding indictment, have had an opportunity to

6    make motions.  So to the extent they want to make some sort of

7    pretrial motion, I think a schedule should be set for them.

8    Otherwise, I mean, none of the defendants are in, but it may

9    make sense to set a trial date.

10           THE COURT:  Okay.  Let me hear from defense counsel.

11           MR. DONALDSON:  In regard to Mr. Garcia, I think

12   that's right.  In regard to the trial schedule, I spoke to the

13   government and co-counsel.  I don't think I can do a trial

14   until the fall, sometime in, I would say, late fall, but I

15   think one of my colleagues has a conflict even into November.

16   So I have a trial set for October 8th, but I don't think that's

17   going to go.  I'm willing to put it off to sometime until

18   October, but I do have one conflict in October.

19           THE COURT:  Can I get a sense as to how long a trial

20   would last in this matter?

21           MR. LANDSMAN-ROOS:  Likely two weeks.

22           THE COURT:  From defense counsels' perspective, how

23   much additional time?  You think two weeks for the government's

24   case?

25           MR. LANDSMAN-ROOS:  Yeah, I think that's right.  It

1    may be shorter than that.  In my experience, these types of

2    cases generally are two weeks or less.

3            THE COURT:  Okay.  Defense counsel, do you have

4    anything to add to that estimate?

5            MR. DONALDSON:  Normally I would add a few days to the

6    government's offer.  I would say two-and-a-half weeks, but we

7    don't have anything to add right now.

8            THE COURT:  Okay.  I guess, first, we need to figure

9    out whether or not any of the new defendants wish to file any

10   motions.  Can I hear from counsel for any of the newly added

11   defendants, is there any desire to file any motions?

12           MR. OKSENHENDLER:  The only motion that I would

13   contemplate, your Honor, is for severance, and that's for

14   Mr. Carim.

15           THE COURT:  Okay.  Anyone else?  Okay.  Give me a

16   sense as to, if you can, counsel, as to what the basis of the

17   severance motion would be?

18           MR. OKSENHENDLER:  I believe my client's actions in

19   this case are vastly different than the actions of some of the

20   other defendants.  There may be some prejudicial spillover,

21   which might require severance.

22           THE COURT:  Can you tell me a little bit more about

23   that?  What do you mean, in particular?

24           MR. OKSENHENDLER:  I would prefer if I did file that,

25   to do it on paper rather than speak to it here in open court

1   right now.

2           THE COURT:  All right.  So let me get a sense from

3   counsel as to trial dates.  I think Mr. Donaldson was saying

4   something about November, are you saying?

5           MR. DONALDSON:  Yes, Judge.  I spoke to co-counsel.  I

6   have an October 8th trial date scheduled before Judge

7   Broderick.  I do not believe that trial is going to go.  I have

8   a July trial date in front of Judge Karas.  I'm out August.  I

9   have a September murder trial in Brooklyn, in Kings County

10  Supreme Court.  So I said the first time I'll be available is

11  the fall.

12          I was thinking October -- actually, November because

13  the September murder trial is supposed to last about four to

14  five weeks, but I do have an October 8th trial in front of

15  Judge Broderick.  I just don't think it's going to go.  I think

16  we're going to resolve that probably within the next two or

17  three weeks.  So I'm pretty sure I'll be cleared up in October,

18  but do have something scheduled right now, but I just don't

19  think it's going to happen.

20          THE COURT:  The trial that's currently scheduled in

21  October before Judge Broderick that you don't think is going to

22  happen, if it were to happen, how long would that be?

23          MR. DONALDSON:  Two weeks, if that.

24          THE COURT:  All right.  Hold on just a second.  Are

25  counsel available -- let me just make sure this isn't a

1   holiday -- on November the 12th?  It's a Monday.  Let me check

2   that out.  Actually, that is Veterans Day.  So how about

3   November the 13th, are counsel available to start then?

4           MR. COHEN:  I'm available, your Honor.

5           MR. STAMPUR:  Yes.

6           THE COURT:  Does that work for the government as well?

7           MR. LANDSMAN-ROOS:  Yes.

8           MR. CARNESI:  I'd be available.

9           MR. DONALDSON:  Yes.

10          THE COURT:  Okay.  So let's go ahead and set a trial

11  date for November 13th, with jury selection and trial.  Let's

12  go ahead and set a motion schedule.  For Mr. Carim, let's have

13  defense counsel -- well, let me find out from defense counsel.

14          The discovery that's outstanding, will this have any

15  affect on your severance motion at all?

16          MR. OKSENHENDLER:  Not at all.  I just want to make

17  sure -- I'm trying to resolve the case short of trial.  I just

18  wanted to give your Honor the benefit of what I was thinking if

19  I did have to file a motion.

20          THE COURT:  Okay.  All right.

21          MR. OKSENHENDLER:  Perhaps if I could file a motion in

22  about a month's time?

23          THE COURT:  Okay.

24          MR. OKSENHENDLER:  I'm trying to resolve the case in

25  short order.  If it's not resolved, then I will file a motion.

1  All right.  Then let's give counsel for Mr. Carim, let's just

2  say, based on what you've indicated, give you five weeks to

3  file that motion from today.

4           Which is when, Tara?

5           THE DEPUTY CLERK:  June 20th.

6           THE COURT:  All right.  I'll give the government three

7  weeks to respond.  Which takes us to when, Tara?

8           THE DEPUTY CLERK:  July 11th.

9           THE COURT:  Okay.  And perhaps what we should do is

10 set a status date for everyone, and let me hear what counsel's

11 thoughts are on this.  We could set a status date for everyone

12 in July, say July 18th, after these motions are filed.  If

13 these motions are filed or if counsel would like one sooner, we

14 can do that as well.

15          MR. OKSENHENDLER:  That would be fine.

16          THE COURT:  Okay.  Does that work for everyone,

17 July 18th?

18          MR. DONALDSON:  That works.

19          MR. COHEN:  What time?

20          THE COURT:  We are going to find out in just a second.

21          What time do we have on the 18th, Tara?

22          THE DEPUTY CLERK:  10:00 a.m.

23          THE COURT:  All right.  July 18th at 10:00 a.m.  Does

24 that work for everyone?

25          MR. DONALDSON:  No, I'll be on trial, but I'll have

1    one of my co-counsel.

2          THE COURT:  So July 18th, 10:00 a.m. for a status

3    conference in this matter.

4          Are there any other matters that need to be addressed

5    before then?  I suppose on July 18th we can address setting a

6    schedule for motions in limine and the like, and the submission

7    of a jury instructions and the like.  We can do that at

8    July 18th or perhaps a slightly later date.

9          Is there anything else that we need to deal with today

10   before I get to the exclusion of speedy trial time between now

11   and the trial date of November 13th?

12         MR. COHEN:  Do you need the defendants on July 18th?

13         THE COURT:  Yes.  I'd like all the defendants here on

14   July 18th, unless the defendants have resolved the matter or

15   are no longer available.

16         So anything else that we need to deal with?  From the

17   government?

18         MR. LANDSMAN-ROOS:  No.  No, your Honor.

19         THE COURT:  All right.  From the defense?

20         MR. DONALDSON:  No, your Honor.

21         MR. OKSENHENDLER:  No.

22         MR. COHEN:  No.

23         MR. STAMPUR:  No.

24         MR. CARNESI:  No.

25         THE COURT:  So, again, we're adjourned until

I5NTAYC

1    July 18th.  We have a trial date of November 13th, and we'll

2    have jury selection start at 9:30 on that day.

3            Based on the representations made by counsel and based

4    on the earlier representations made by counsel, I find that

5    it's in the interest of justice and in the interest of the

6    defendants to exclude time from the Speedy Trial Act between

7    today and November 13th so that counsel may be better prepared

8    for trial, have a greater opportunity to review the discovery

9    and review the discovery with their clients.

10           I further find that the interests of the defendants

11   and the interest of justice outweigh the public's interest in a

12   speedy trial, and I will enter an order to that effect.

13           Anything else from the government?

14           MR. LANDSMAN-ROOS:  No.  Thank you, your Honor.

15           THE COURT:  Anything else from the defense?

16           DEFENSE ATTORNEYS:  No, your Honor.  Thank you.

17           THE COURT:  All right.  We're adjourned.  Thank you.

18           (Adjourned)

19

20

21

22

23

24

25