# CHARLES F. CARNESI
*Attorney at Law*
1225 Franklin Avenue
Suite 325
Garden City, New York 11530

TELEPHONE
(516) 512-8914

TELECOPIER
(516) 873-8881

November 5, 2018

Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** *United States v. Taylor*, 17-CR-390 (ALC)

Dear Judge Carter:

      On behalf of Dr. David Taylor, this letter is submitted in opposition to the government's motions *in limine* and in support of Dr. Taylor's motion to preclude the government's proffered expert testimony.

## 1. Evidence of Uncharged Conduct Is Inadmissible

      It is respectfully submitted that the Court should not permit the government to offer testimony from Witness-1 and Witness-2 regarding claims that Dr. Taylor prescribed medication to them purportedly without any medical basis. The proffered evidence is plainly offered as propensity evidence, which is impermissible.

      The government concedes that the proffered testimony is not evidence of the charged conspiracy. The government, however, maintains that the testimony demonstrates that "Taylor was willing to prescribe medically unnecessary quantities of oxycodone—often in exchange for 'gifts'" and, therefore, "provides background to the charged conspiracy and is inextricably intertwined" with the charged conspiracy. In other words, the government seeks to offer the testimony so that it can argue that, given that he allegedly did it with Witness-1 and Witness-2, he must have done it in connection with the charged conspiracy. This is the quintessence of propensity evidence and should not be permitted. The proffered evidence is similarly inadmissible under Fed. R. Evid. 404(b), as it does not fall under one the exceptions to the rule. Moreover, should Taylor open the door to such evidence in the course of the trial, the issue can be considered at that time.

Taylor also submits that the government should not permitted to offer evidence that he failed to report income for tax purposes. Taylor is not charged with a tax offense and there is no need to have a mini-trial on tax evasion claims. That the government seeks to tarnish Taylor with extraneous allegations is indicative of the strength of its case. It is respectfully submitted that the government should be required to prove its case based on evidence of the charged conduct and not through evidence designed to prejudice him in the eyes of the jury.

2. **Statements Allegedly Made by Taylor and Alleged Coconspirators**

With respect to statements made by Taylor and his alleged coconspirators, the government paints with a broad brush and, to a large extent, neglects to particularize the statements that it seeks to offer. Thus, while it is true that a statement made against penal interest is admissible if it meets certain criteria, the government has failed to identify any such statements and to demonstrate that the applicable criteria have been satisfied. Moreover, while a statement against a declarant's penal interest is generally admissible, a statement implicating a third party is generally not admissible in the absence of additional indicia of reliability. The government fails to provide necessary detail to support its application in this regard.

Similarly, though the government is obviously correct that statements of a coconspirator made in the course and in furtherance of a conspiracy are admissible, the government has proffered no such statements. Moreover, the government has not identified when the statements that it seeks to admit were made. Consequently, the government has not established the predicate for admissibility, i.e., that the statements that it will seek to introduce were made by a coconspirator in the course and in furtherance of the charged conspiracy. In addition, in seeking to admit certain statements on this ground, the government tacitly acknowledges the lack of evidence that Taylor and Gallicchio were coconspirators.

Furthermore, given that this case will turn on whether Taylor was complicit with Gallicchio and Gallichio's minions, admitting statements made by those very individuals as coconspirator statements puts the cart before the horse and will severely prejudice Taylor. Thus, though we are aware that statements allegedly made by coconspirators may be considered in determining the existence of a conspiracy, such statements alone are insufficient to establish a conspiracy. *United States v. Rajarathnam*, 802 F. Supp. 2d 491, 511 (S.D.N.Y. 2011). Moreover, while a conspirator's statements may be probative of a defendant's participation in a conspiracy, it does not follow that every alleged coconspirator statement is probative in that regard. *Id.* at 512 (citing *United States v. Bourjaily*, 483 U.S. 171, 180, 107 S. Ct. 2775 (1987)). Consequently, where, as here, the entire case turns on whether the defendant participated in the charged conspiracy, such statements should be evaluated with careful scrutiny.

3. **Recordings of Taylor's Examinations of Confidential Informants**

The government starts with the uncontroversial proposition that a recording can be authenticated by a law enforcement agent. The government, however, neglects to address the elephant in the room. Plainly the government seeks to offer the recordings because it intends to argue to the jury that there was no medical need for the prescriptions that Taylor provided to these patients. What the government does not address, however, is how it intends to put before

the jury that the prescriptions were medically unnecessary absent testimony from the confidential informants who were examined and received the prescriptions.

Absent admissible evidence that the patients did not require medication, the recordings are of no evidentiary value. In other words, absent a witness, there can be no evidence that the prescriptions were unnecessary. Clearly, the government does not believe that its confidential informants can provide credible testimony regarding their lack of need for the medication or they would be called to testify. The government should not be permitted to avoid the unreliability of its witnesses by offering recordings that deprive Taylor of the constitutional right to confront those very witnesses on a critical issue in the case. Consequently, the recordings should not be admitted in evidence.

### 4. **The Government Should Not Be Permitted to Offer Expert Testimony**

The government has not established the admissibility of its proposed expert testimony. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"The Federal Rules of Evidence 'assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004) (quoting *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597, 113 S. Ct. 2786 (1993)). Here, the government cannot satisfy the standard.

Indeed, assuming *arguendo* that the proposed testimony, i.e., the testimony of a doctor as to the medical practices of Taylor, "rests on a reliable foundation," it is decidedly not "relevant to the task at hand," i.e., determining whether Taylor acted with criminal intent. Critically, there is no need for "scientific, technical, or other specialized knowledge" to "help the trier of fact understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702(a).

Rather, the government seeks to offer expert testimony to enable it to argue that, because Taylor did not practice in the same manner as the expert presumably will testify he would have

practiced, Taylor must, therefore, have acted with criminal intent.  Again, assuming *arguendo* that the methods that the government's proposed expert would have employed under similar circumstances constitute the better practice, the question that the jury must decide is not whether Taylor is a good doctor but whether he violated the law.  As to that question, the only expert upon whom the jury may rely is the Court, which will explain the legal standards that the jury must apply to determine the operative issue.

In addition, the government is also unable to satisfy the requirements that expert testimony be based upon "sufficient facts or data," and the "product of reliable principles and methods," which have been "reliably applied . . . to the facts of the case."  Fed. R. Evid. 702.

Moreover, even were the Court to conclude that the proposed expert testimony is otherwise admissible, it should be excluded under Fed. R. Evid. 403 on the ground that any probative value "is substantially outweighed by the danger of unfair prejudice."  *United States v. Dukagjini*, 326 F.3d 45, 51-52 (2d Cir. 2002).  In essence, what the government proposes here is that its "expert" doctor be permitted to tell the jury that, because Taylor does not practice medicine in the same manner as the expert, he is a criminal.  There can be no denying the overwhelming likelihood that such testimony would substantially prejudice Taylor and that such prejudice outweighs any probative value it might have.  Indeed, the Second Circuit has acknowledged the limited probative value of an expert's opinion on the ultimate issue of fact in criminal cases in that it all but eliminates such testimony when assessing a challenge to the sufficiency of the evidence.  *United States v. Boissoneault*, 926 F.2d 230, 234-35 (2d Cir. 1991).

Accordingly, the Court should preclude the government from offering expert testimony, as the proffered testimony does not meet the requirements of Fed. R. Evid. 702, and it should also be excluded under Rule 403.

## Conclusion

We respectfully submit that the Court should rule on the government's motions *in limine* as set forth above and preclude the government from offering expert testimony.

Respectfully,


s/Charles Carnesi

cc:    All Counsel (via ECF)