

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 29, 2018

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. David Taylor*, **S4 17 Cr. 390 (ALC)**

Dear Judge Carter:

    The Government respectfully submits this letter in support of its request that the Court include a conscious avoidance instruction in its charge to the jury. A conscious avoidance charge is appropriate because the defendant disputes that he knowingly prescribed oxycodone for no legitimate medical purpose, and there is evidence in the record that would permit a juror to conclude that the defendant was aware of a high probability of the fact that the prescriptions were not for a legitimate medical purpose and deliberately avoided confirming that fact.

    **A. Applicable Law**

    In this Circuit, a conscious avoidance instruction is commonly given "'when a defendant claims to lack some specific aspect of knowledge necessary to conviction but where the evidence may be construed as deliberate ignorance.'" *United States v. Reyes*, 302 F.3d 48, 54 (2d Cir. 2002) (quoting *United States v. Gabriel*, 125 F.3d 98, 98 (2d Cir. 1997)). That is because "in addition to actual knowledge, a defendant can also be said to know a fact if he 'is aware of a high probability of its existence, unless he actually believes it does not exist.'" *Id.* (quoting *Leary v. United States*, 395 U.S. 6, 46 n.93 (1969)). Thus, a "conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted); *see also United States v. Aina-Marshall*, 336 F.3d 167, 170 (2d Cir. 2003). The second of these predicates "may be established where, '[a] defendant's involvement in the criminal offense may have been, so overwhelmingly suspicious that the defendant's failure to question the suspicious circumstances establishes the defendant's purposeful contrivance to avoid guilty knowledge.'" *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (quoting *United States v. Lara-Velasquez*, 919 F.2d 946, 952 (5th Cir. 1990)).

Furthermore, a conscious avoidance instruction "is not inappropriate merely because the government has primarily attempted to prove that the defendant had actual knowledge, while urging in the alternative that if the defendant lacked such knowledge it was only because he had studiously sought to avoid knowing what was plain." *United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995). "Red flags . . . can be used to show both actual knowledge and conscious avoidance." *United States v. Goffer*, 721 F.3d 113, 127 (2d Cir. 2013) (internal quotation marks omitted). "It will almost inevitably be the case that a prosecutor seeking a conscious avoidance charge will contend, in the alternative, that the defendant's culpable knowledge has been directly established." *United States v. Wong*, 884 F.2d 1537, 1542 (2d Cir. 1989).

Conscious avoidance instructions are appropriate in conspiracy cases. "There are 'two aspects of knowledge involved in a conspiracy: 1) knowing participation or membership in the scheme charged and 2) some knowledge of the unlawful aims and objectives of the scheme.'" *United States v. Ferrarini*, 219 F.3d 145, 154-55 (2d Cir. 2000) (quoting *United States v. Lanza*, 790 F.2d 1015, 1022 (2d Cir. 1986)). While "[c]onscious avoidance may not be used to support a finding as to the former, *i.e.*, intent to participate in a conspiracy, but it may be used to support a finding with respect to the latter, *i.e.*, knowledge of the conspiracy's unlawful goals." *Id.* Thus, in a conspiracy case, "a defendant's conscious avoidance of knowledge of its illegal purpose may substitute for knowledge of the illegal purpose." *United States v. Svoboda*, 347 F.3d 471, 479 (2d Cir. 2003).

**B. Discussion**

Consistent with these principles, a conscious-avoidance instruction is appropriate here. A central issue before the jury is whether the defendant had knowledge of the conspiracy's unlawful goals—that is, whether medically unnecessary prescriptions were issued knowingly. The defendant put at issue his knowledge of the object of the conspiracy when in his opening and through cross-examination he has argued that he was tricked by his patients. In other words, he did not know that the pills he was writing prescriptions for not medically necessary. For example, in his opening statement, the defense counsel argued that "there were people who took advantage of [the defendant], people who he thought were doing things for him out of the goodness of their heart." (Tr. 41). Similarly, during cross-examination, the defendant has repeatedly attempted to elicit statements from cooperating witnesses that they tricked the defendant into believing that they were in pain. Such argument and cross-examination necessitates a conscious-avoidance instruction here.

The Second Circuit's recent decision in *United States v. Leonard*, 738 F. App'x 7, 11 (2d Cir. 2018), is instructive. That case, like this one, involved a doctor charged with conspiring to distribute oxycodone by issuing medically unnecessary oxycodone prescriptions. *See id.* at *8-9. There, like here, the defendant "put in issue his knowledge of the conspiracy" by in his opening statement arguing that he "became the target of modern day criminals" and that "the people in the office . . . undermined him." *Id.* Moreover, like the defense here, during cross-examination of cooperating witnesses in that case, "the defense adduced testimony that the witness never told [the doctor] that medical documents . . . were fake." *Id.* Based on such argument, the Circuit concluded that there was "an appropriate factual predicate for the [conscious-avoidance] instruction" since the Government presented documents that put the defendant "on notice of a high probability that

the individual presenting them was not a legitimate patient; and the doctor's 'failure to question the suspicious circumstances establishe[d] [his] purposeful contrivance to avoid guilty knowledge." *Id.*

As was the case in *Leonard*, there is sufficient evidence in the record from which a juror could conclude that the defendant was aware of a high probability of the fact that the oxycodone he was prescribing was not for a legitimate medical purpose, and yet avoided confirming that fact. As Dr. Gharibo testified, there are numerous "red flags" that should cause a physician to suspect that a patient is diverting oxycodone. Such red flags include, among others, problematic urine tests, old diagnostic tests, patients traveling from out of state, patients from the same family receiving the same prescriptions, young patients, patients with vague physical ailments, and patients who specifically request a type, dosage and quantity of oxycodone. And as the evidence as demonstrated, all of those red flags existed in this case with respect to "patients" who continued receiving oxycodone prescriptions from the defendant for years. In these circumstances, the jury is entitled to find that the defendant's "involvement in the criminal offense [was] so overwhelmingly suspicious that [his] failure to question the suspicious circumstances establishes [his] purposeful contrivance to avoid guilty knowledge." *Svoboda*, 347 F.3d at 480 (internal quotation marks omitted).

Accordingly, because the defendant has put at issue his knowledge of the fact that prescriptions were not written for legitimate medical reasons, and there is ample evidence to satisfy the second prong of the conscious avoidance test, a jury instruction such as the one proposed by the Government in its request to charge is appropriate.

> Very truly yours,
>
> GEOFFREY S. BERMAN
> United States Attorney
>
> by: /s/
> Nicolas Roos
> Kiersten A. Fletcher
> Justin V. Rodriguez
> Assistant United States Attorneys
> (212) 637-2421 / -2238 / -2591

Cc: Charles Carnesi, Esq.